# EXHIBIT A

1/24/2020 1:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40255284
By: C Ougrah
Filed: 1/24/2020 1:09 PM

CAUSE NO. _____

| | | |
|---|---|---|
| TATYANA JOHNSON<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| | § | |
| APPLE, INC<br>Defendants. | §<br>§<br>§ | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND and REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Tatyana Johnson who files this Original Petition, Jury Demand & Request for Disclosure against Defendant, Apple, Inc. and alleges as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends that discovery be conducted under Level 2 of Tex. R. Civ. P. 190 (TRCP 190.3) and affirmatively pleads that he seeks monetary relief aggregating more than $100,000.00.

### PARTIES

2.  Plaintiff, Tatyana Johnson is an individual residing in Harris County.

3.  Defendant, Apple, Inc is authorized to do business in Texas may be served with process by serving its registered agent for service of process by serving its registered agent CT Corp System at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

4.  Pursuant to Tex. R. Civ. P. 28, Plaintiff specifically invokes her right to institute this suit against Defendants in all of their partnerships, assumed or common names, and any other names they have used or that have been used to designate it.

## JURISDICTION

5.      This court has subject-matter jurisdiction over the lawsuit under Texas Common Law because the personal injury to plaintiff occurred in Harris County and the wrongful acts, neglect, carelessness and/or unskillfulness of the Defendants and/or Defendants' employees, agents and/or servants which caused plaintiff's personal injury and damages were carried out in Harris County, and because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

## VENUE

6.      Venue is proper in Harris County under TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County.

## FACTS

7.      Plaintiff, Tatyana Johnson, is a natural person currently residing in Houston, Texas.

8.      Plaintiff, Tatyana Johnson, was using her Apple EarPods on November 15, 2018 when she was electrocuted by them. Plaintiff suffered several physical, economic and emotional injuries as a result of said Apple EarPods, including but not limited to the loss of vision, right arm numbness and right ear sensitivity.

## CAUSES OF ACTION

9.      Plaintiff brings these claims and request for damages pursuant to Texas Common Law and Statutor This is an action for injuries and damages suffered by Plaintiff, and each of them, as a direct and proximate result of the Defendant's negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of Apple EarPods.

10.    At all times relevant hereto, the Defendant have directly marketed and distributed Apple EarPods to the community.

11.    At all times relevant hereto, the Defendant, has directly marketed Apple EarPods to the consuming public throughout the United States, including the Plaintiff, herein.

12.    At all times relevant hereto, the Defendant have directly marketed air pod to the general public to be safe.

13.    At all times mentioned herein, Defendant knew, or in the exercise of reasonable care should have known, that the aforesaid products were of such a nature that they were not properly designed, manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably dangerous for their intended use to the products' users.

14.    As a direct and proximate result of the aforesaid conduct of the Defendant, and each of them, Plaintiffs have been compelled and/or will in the future will be compelled to incur obligations as and for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays, medical supplies and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time.

15.    As a further direct and proximate result of the said conduct of the Defendant, and each of them, Plaintiffs have and/or in the future will incurred, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is requested to amend this complaint to conform to proof at the time of trial.

16.    By reasons of the premises, Plaintiffs have been caused great pain and suffering.

## FIRST CAUSE OF ACTION

### [ Marketing Defect ]

17.     With said knowledge, the Defendant, opted to manufacture, design, label, distribute, offer for sale, supply, sell, package, and advertise said product without attempting to protect said product users from, or adequately warn of, the high risk of injury or death resulting from its use.

18.     Rather than attempting to protect users from, or warn them of, the high risk of injury or death resulting from use of their product, Defendant, and each of them, intentionally failed to reveal their knowledge of said risk, failed to adequately warn of said risk and consciously and actively concealed and suppressed said knowledge from members of the general public, including Plaintiffs, thus impliedly representing to members of the general public that Air Pods were  safe for all reasonably foreseeable uses.

19.     The above-referenced conduct of said Defendant, and each of them, was motivated by the financial interest of said Defendant, in the continuing, uninterrupted manufacture, supply, distribution, sale, marketing, packaging and advertising of Air pods.

20.     In pursuit of said financial motivation, Defendant, and each of them, consciously disregarded the safety of users of their product and in fact were consciously willing and intended to permit air pods to cause injury to users and induced persons to purchase and use air pods, including Plaintiffs herein.

21.     Defendant, their "alternate entities," and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

22.     As a direct and proximate result of Defendant' wrongful conduct, Plaintiffs have

sustained and will continue to sustain severe physical injuries, pain and suffering and severe emotional distress, mental anguish, economic losses and other damages. As a direct result, Plaintiffs expended money and will continue to expend money for medical bills and expenses. Plaintiffs are entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

23.     The herein-described conduct of said Defendant, and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of the users of their product. Plaintiffs for the sake of example and by way of punishing said Defendant seeks punitive damages according to proof.

24.     The defective and unreasonably dangerous condition of Air Pods® as it was tested, manufactured and supplied by Defendant, and the lack of adequate use instructions and warnings provided by Defendant were the substantial factors causing Plaintiffs to suffer the herein described injuries and damages.

### SECOND CAUSE OF ACTION

[Strict Liability – Manufacturing Defect]

25.     Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

26.     At all times herein mentioned, Defendant' air pod products were prescribed and used as intended by Defendant and in a manner reasonably foreseeable to Defendant.

27.     The Air Pod products were defective at the time of their manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, and at the time they left the possession of the Defendant, in that, and not by way of limitation, the products differed from the Defendant' intended result and intended design and specifications, and from

other ostensibly identical units of the same product line.

28.     The defective condition of the Air Pods was the substantial factor causing Plaintiffs to suffer and will continue to suffer the herein described injuries and damages.

### THIRD CAUSE OF ACTION

[Negligence]

29.     Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

30.     Defendant had a duty to exercise reasonable care in the manufacture, sale and/or distribution of Air Pods® into the stream of commerce, including a duty to assure that the product did not cause users to suffer from unreasonable, dangerous side effects.

31.     Defendant failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control, and/or distribution of Air Pods® into interstate commerce in that Defendant knew or should have known that Air Pods® created a high risk of unreasonable, dangerous side effects.

32.     Defendant were negligent in the designing, manufacture, testing, advertising, warning, marketing and sale of Air Pods®.

33.     Despite the fact that Defendant knew or should have known that Air Pods® caused unreasonable, dangerous side effects, Defendant continued to market the Air Pods® to consumers including Plaintiffs.

34.     Defendant knew or should have known that consumers such as Plaintiffs would foreseeably suffer injury as a result of Defendant' failure to exercise ordinary care as described above.

35.     Defendant willfully and deliberately failed to avoid those consequences, and in

doing so, Defendant acted with a conscious disregard of the safety of Plaintiffs as alleged previously.

36.     Defendant' negligence was the substantial factor causing Plaintiffs to suffer the herein described injuries and damages.

## FOURTH CAUSE OF ACTION

### [Breach of Implied Warranty]

37.     Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

38.     At all times mentioned in this Complaint, Defendant manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied and sold Air Pods®, and prior to the time it was prescribed to Plaintiffs, Defendant impliedly warranted to Plaintiffs, and their physicians and healthcare providers, that Air Pods® was of merchantable quality and safe for the use for which it was intended.

39.     The product was unsafe for its intended use, and it was not of merchantable quality, as warranted by Defendant, in that it had very dangerous propensities when put to its intended use and would cause severe injury to the user. Air Pods® was unaccompanied by adequate warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution.

40.     The defective and unreasonably dangerous condition of Air Pods® manufactured and supplied by Defendant was the substantial factor causing Plaintiffs to suffer and will continue to suffer the herein described injuries and damages.

41.     After Plaintiffs were made aware that their injuries were a result of Air Pods®, notice was duly given to Defendant of the breach of said warranty.

## FIFTH CAUSE OF ACTION

### [Breach of Express Warranty]

42.     Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as follows:

43.     The aforementioned manufacturing, compounding, packaging, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandizing, advertising, promoting, supplying and selling of Air Pods® was expressly warranted to be safe for use by Plaintiffs, and other members of the general public.

44.     At the time of the making of the express warranties, Defendant had knowledge of the purpose for which Air Pods® was to be used and warranted the same to be in all respects, fit, safe, and effective and proper for such purpose. Air Pods® was unaccompanied by adequate warnings of its dangerous propensities that were either known or knowable at the time of distribution.

## SIXTH CAUSE OF ACTION

### [Negligent Misrepresentation]

45.     Defendant owed a duty in all of its several undertakings, including the communication of information concerning Air Pods®, to exercise reasonable care to ensure that it did not, in those undertakings, create unreasonable risks of personal injury to others.

46.     Alternatively or in addition, Defendant failed to exercise reasonable care to ensure that the information disseminated to the Plaintiff and the public concerning the properties and effects of Air Pods® was accurate and not misleading, Defendant failed to exercise reasonable care to insure that accurate and not misleading information was disseminated to the public and the Plaintiff concerning the properties and effects of Air Pods® by failing to publish or disseminate

current and accurate information.

47.     As a proximate and foreseeable result of the Defendant consciously or negligently disseminating false information, the Plaintiffs suffered grievous bodily injury and consequent economic and other loss, as described above when she relied on the negligently inaccurate, misleading and otherwise false information disseminated by these Defendant, and reasonably but unjustifiably believing the information to be true, that the Air Pods were safe for use.

48.     The foregoing negligent misrepresentations by Defendant, and each of them, was the substantial factor causing said Plaintiffs to suffer and will continue to suffer the herein described injuries and damages.

## DAMAGES

49.     As a result of Defendant's negligence, Plaintiff has sustained damages, including:

    a.     Past and future physical pain and mental anguish;

    b.     Loss of wages in the past and future and loss of earning capacity;

    c.     Disfigurement in the past and future;

    d.     Physical impairment in the past and future; and

    e.     Past and future medical expenses.

    f.     Punitive Damages to be determined at trial

## DEMAND FOR JURY TRIAL

50.     Plaintiff demands a trial by jury on all of her claims.

## REQUEST FOR DISCLOSURE

51.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose within 50 days of service of this request, the information or material described in Rule 194.2.

## PRAYER

52.     Plaintiff prays that Defendant be served with citation and called upon to answer herein and that, upon trial hereof, he have judgment for all of his damages together with prejudgment interest on past damages, interest on the judgment, costs of suit, and such other relief to which he may be entitled.

Respectfully submitted,

THE WEYCER LAW FIRM, P.C.

By:     _____
MARK A. WEYCER
State Bar No. 21237300
mweycer@weycerlawfirm.com
CHE' D. WILLIAMSON
State Bar No. 21617150
cwilliamson@weycerlawfirm.com
4545 Bissonnet, Suite 294
Bellaire, Texas 77401
Tele: (713) 668-4545
Fax:  (713) 668-5115

ATTORNEYS FOR PLAINTIFF